# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NAKREISHA MCFARLAND, MINOR MCFARLAND ONE, MINOR MCFARLAND TWO, MINOR MCFARLAND THREE, and MINOR MCFARLAND FOUR,<br><br>Plaintiffs,<br>v.<br><br>HOUSING AUTHORITY OF RACINE COUNTY and MICHAEL SCHNATTER,<br><br>Defendants. | Case No. 21-CV-299-JPS<br><br><br>**ORDER** |

  This case has been pending since June 2020. On March 22, 2022, after the Court denied Defendants' motion to dismiss, the parties received a Trial Scheduling Order. ECF No. 41. Per this order, the parties' deadline to file dispositive motions (August 1) is quickly approaching; the parties have been conducting discovery to prepare their motions. On May 16 and June 21, 2022, Plaintiff McFarland filed two letters with the Court, raising concerns about that discovery process. ECF Nos. 42 and 44. The Court gleans several requests from these letters and this Order will address them in turn.

  **1. Appointment of Counsel**

  In Plaintiff's June 21 letter addressed to the Court, she states: "At any time you feel like I cannot represent myself I ask to be appointed counsel in this matter." ECF No. 44 at 2. The Court construes this statement as a request for appointment of counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (pro se filings are to be liberally construed). The Court will deny Plaintiff's request.

As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel."

The Seventh Circuit teaches that a district court should seek counsel to represent a litigant if (1) the litigant has made reasonable attempts to secure counsel, and (2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (*en banc*)). Whether to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

Preliminarily, the Court makes a few observations about the forces underlying Plaintiff's request. First, despite the generosity of local attorneys in offering *pro bono* services, there are never enough volunteers to match the volume of requests for appointed counsel. Thus, it becomes nearly impossible for the Court to locate lawyers willing and able to take *pro se* cases by appointment. Second, the Court is bound by Congress's instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Allowing continual extensions of the Court's trial schedule to accommodate a desire for counsel contravenes this directive. Finally, in light of these issues, a plaintiff must offer reasons why counsel should be

appointed that are not common to many other *pro se* litigants. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014).

Returning to the *Pruitt* test, the Court finds that Plaintiff has not satisfied the first element. She provides no information about her efforts to secure an attorney. Presumably, since this litigation has been ongoing for just over two years, she has had ample opportunity to either retain counsel or seek *pro bono* representation on her own, but she provides no details about those efforts.

Second, Plaintiff does not assert that this case is too complex for her to adequately present, nor does she offer a reason unique to her situation for the Court to appoint counsel. Rather, she leaves it up to the Court to decide whether *it* "feel[s] like [she] cannot represent [her]self." ECF No. 44 at 2. Plaintiff commenced this action *pro* se; she has so far successfully navigated a venue transfer and a motion to dismiss. Based on her track record as a litigant, the Court has adequate reason to believe Plaintiff can continue to represent herself. While it may be true that a lawyer would do a better job of presenting her case than Plaintiff, the Seventh Circuit has rejected this as a reason for appointment of counsel. *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) ("The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'").

In light of the foregoing, the Court will deny Plaintiff's motion for appointment of counsel.

### 2. Request to Address Defendants' Deposition Notice

Plaintiff raises concerns that her notice of deposition did not comply with Federal Rule of Civil Procedure 30. Plaintiff references Federal Rule of Civil Procedure 30(d)(3), "Motion to Terminate or Limit." ECF No. 44 at 4. The Court will treat her concerns as such a request under Rule 30(d)(3), and will deny the request as moot, since the deposition has already taken place and since Defendants' conduct appears to comply with all applicable rules therefore is not adequate grounds for sanctions.

Plaintiff's May 16 letter alleges the notice of deposition she received was defective because it did not bear the signature of "any clerk of court." ECF No. 42. In that letter, she asks for the deposition to take place "at the court['s] discretion of the time, date and where the deposition will take place." *Id.* Her June 21 letter raises similar concerns about a lack of signature from "the clerk of court of the Eastern District court." ECF No. 44 at 2.

A party may depose "any person, including a party, without leave of court" except in certain narrow circumstances. Fed. R. Civ. P. 30(a)(1)–(2). A deponent's attendance at a deposition "*may* be compelled by subpoena." *Id.* (emphasis added). A party may move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d(3)(A).

Plaintiff's concerns that the notice of deposition she received was defective because it was not signed by the Clerk of Court—thereby giving

the Court grounds to terminate the deposition or otherwise sanction Defendants—are misplaced. Defendants were entitled to depose Plaintiff without leave of court because she is a party to this litigation; a notice rather than a subpoena was sufficient. A signature from the Clerk of Court would only be required if Plaintiff were summoned to the deposition by subpoena, which she was not. Plaintiff appears to have shown up for her deposition voluntarily after receiving the notice from Defendants. The notice of deposition appears to be consistent with Rule 30's requirements. The Court will deny Plaintiff's request in this regard.

### 3. Request for Travel Fees

Plaintiff raises concerns that "Kevin Christensen [counsel for Defendant Housing Authority of Racine County] never gave me mileage for traveling." ECF No. 44 at 1. The Court has discretion to shift discovery costs onto the requesting party. Fed. R. Civ. P. 26(c)(1)(B) ("[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . time and place or the allocation of expenses, for the disclosure or discovery"); *see also Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 601 (E.D. Wis. 2004). However, before the Court will contemplate ordering any cost-shifting, the parties must meet and confer "in an effort to resolve the dispute without court action," and certify to the Court that they have done so. Fed. R. Civ. P. 26(c)(1). Additionally, "parties should continue to assume that a responding party ordinarily bears the costs of responding." Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment.

To the extent Plaintiff is requesting that this Court intervene to help her recover travel fees from Defendants, she has not met the requirements outlined above. If Plaintiff still wishes to recover from Defendants the costs she incurred to attend her deposition, she should first direct this request to Defendants, bearing in mind the norm highlighted above that the party responding to a deposition generally bears the costs of doing so. If the parties are not able to resolve this request among themselves after making a good-faith effort to do so, and certifying as much to the Court, then Plaintiff may move the Court to enter a cost-shifting order, provided she

4. **Request to Receive Questions in a Sealed Envelope**

Plaintiff ends her letter by asking "that the [deposition] questions be served to me in a sealed envelope from both parties." ECF No. 44 at 4. Plaintiff's deposition has already taken place, so this request seems moot. However, in the event that Defendants wish to depose her again and she wants to make this request, she should follow the same process outlined in the preceding section, and direct the request to Defendants before asking the Court to intervene.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for appointment of counsel, ECF No. 44, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's request for termination of the deposition or sanctions, ECF No. 44, be and the same is hereby **DENIED as moot.**

Dated at Milwaukee, Wisconsin, this 5th day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge