UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NAKREISHA MCFARLAND,
MINOR MCFARLAND ONE,
MINOR MCFARLAND TWO,
MINOR MCFARLAND THREE, and
MINOR MCFARLAND FOUR,

Plaintiffs,

v.

HOUSING AUTHORITY OF
RACINE COUNTY and MICHAEL
SCHATTNER,

Defendants.

Case No. 21-CV-299-JPS

ORDER

Before the Court is Defendants' joint motion to dismiss this action or, alternatively, to compel Plaintiff Nakreisha McFarland to attend her deposition, and her[1] later motion for referral of the case to mediation. ECF Nos. 46, 53. For the reasons stated herein, Defendants' motion will be granted,[2] and this case will be dismissed on its merits with prejudice. Plaintiff's motion will be denied as moot.

---

[1]Although five plaintiffs are named, Ms. McFarland, proceeding pro se, is not entitled to raise claims on behalf of her minor children. See the Court's further analysis at note 5 *infra.* Accordingly, the Court refers to a singular "Plaintiff"—Ms. McFarland—throughout this order.

[2]Defendants' motion to dismiss is not yet fully briefed. As discussed in note 3, *infra*, Plaintiff filed a "Settlement Statement" a few days after Defendants filed their motion to dismiss, which the Court construes as Plaintiff's response brief. Even if the Court did not construe Plaintiff's filing as such, Plaintiff's deadline to file a response after being served by mail—August 15, 2022—has passed. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d). Defendants' reply deadline is August 29, 2022. *See* Civ. L.R. 7(c). However, considering the substance of the parties' submissions, the Court finds that waiting for Defendants' reply is unnecessary at this juncture.

1.   **LEGAL STANDARD**

The Court may dismiss an action on its merits "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also* Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice.") "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (quoting *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967)). In considering a Rule 41(b) motion, district courts may consider the following factors:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931–32 (7th Cir. 2018) (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)); *see also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (decision to dismiss "depends on all the circumstances of the case"). "An unreasonable delay [arising from a plaintiff's conduct] gives rise to a presumption of prejudice." *McMahan*, 892 F.3d at 932. "There is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution," nor is the Court required to explicitly warn a plaintiff of a

potential dismissal "when . . . the defendant files a motion with notice to the plaintiff asking for dismissal." *Id.* at 933 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 752, 756 (7th Cir. 1993)).

2.  **RELEVANT FACTS**

This case, alleging violations of Ms. McFarland's rights under federal law and Wisconsin landlord-tenant law, has been pending since June 2020. ECF No. 1. After denying Defendant Schattner's motion to dismiss, ECF No. 40, the Court issued a trial scheduling order, ECF No. 41, that included various dates and directives to guide the parties in preparing dispositive motions or proceeding to trial. The Trial Scheduling Order, mailed to Ms. McFarland and served on Defendants on March 22, 2022, laid out this Court's pretrial procedure protocols and appended portions of the Local Civil Rules and Federal Rules of Civil Procedure, as well as a guide titled "Answers to Pro Se Litigants' Common Questions." ECF Nos. 41 and 41-1. The guide states: "Like everyone else, pro se litigants **MUST** comply with [the Federal Rules of Civil Procedure and the Local Rules]. Failure to comply with these rules may have serious consequences . . . [and] **you might lose your case if you do not comply with all the rules**." ECF No. 41-1 at 22 (emphasis in original).

On May 16, 2022 and June 21, 2022, Ms. McFarland filed two letters with the Court, raising her concerns that the conduct of Defendants' counsel in the discovery process did not comply with the applicable Federal Rules of Civil Procedure. ECF Nos. 42 and 44. The Court addressed these concerns in a July 5, 2022 order. ECF No. 45. Therein, the Court found that Ms. McFarland's concerns about the notices of deposition she received from

Defendant were unfounded, as the notices and the deposition itself appeared to have been compliant with Federal Rule of Civil Procedure 30. *Id.* at 5. The Court directed the parties to attempt to mutually resolve Ms. McFarland's other discovery concerns before seeking further intervention from the Court. *Id.* at 5–6.

On July 22, 2022, Defendants filed the instant joint motion to dismiss the complaint or, in the alternative, to compel Ms. McFarland to comply with Defendants' discovery requests. ECF No. 46. The basis for Defendants' motion is "Plaintiffs' failure to prosecute their claims against Defendants due to Plaintiffs' ongoing disobedience of the Scheduling Order and because Plaintiffs' conduct has unreasonably delayed the prosecution of this lawsuit, which has prejudiced the Defendants and unreasonably wasted the Court's time and resources." ECF No. 47 at 5. Specifically, Defendants allege that—after working with Ms. McFarland to identify a convenient date for her deposition—defense counsel for Housing Authority of Racine County ("HARC") issued a notice and defense counsel for Schattner issued a subpoena to depose her on May 17, 2022. *Id.* at 3. The deposition was to take place at the office of defense counsel for Schattner. *Id.* Ms. McFarland indicated before the deposition "she did not want to appear for her deposition if both legal counsel for HARC and legal counsel for Schattner were present[.]" *Id.*

Ms. McFarland attended this deposition but refused to answer any of Defendants' questions under oath, claiming that "she was not required to attend a deposition where more than one party to the lawsuit was present to question her." *Id*. at 3. Counsel for Defendants then rescheduled the

deposition to June 21, 2022, and again issued a notice and subpoena to Ms. McFarland, but she did not appear. *Id.* at 4. Defendants aver that both depositions were to be joint depositions, with counsel for both Defendant HARC and Defendant Michael Schattner present. *Id.* at 3. Defendants also aver that Ms. McFarland has refused to participate in their efforts to fulfill the Court's meet-and-confer requirement and to prepare a joint interim settlement report. *Id.* at 3–4, 6.

Ms. McFarland filed what she styled as a "Settlement Statement" on July 27, 2022.[3] ECF No. 52. Therein, she states that she "was only served by Jeffrey Leavell [counsel for Defendant Schattner] in a short time frame" before the May 17 deposition. *Id.* at 2. She further states that "Kevin Christensen [counsel for Defendant HARC] "showed me some document that I supposedly signed but did not . . . to make it appear he served me but actually did not." *Id.* Finally, she states that she "was willing to sit down a do the deposition with Mr. Leavell but Kevin Christensen. . . never served me papers to attend his side of deposition" and that there was "no sign of [her] signature agreeing to be depose together." *Id.* at 3 [sic throughout]. On August 2, 2022, Ms. McFarland filed an additional motion asking the Court to refer this case to mediation. ECF No. 53.

3. **ANALYSIS**

Defendants argue that Ms. McFarland's failure to participate in her two scheduled depositions and otherwise comply with the trial scheduling

---

[3]The parties' interim settlement report was due on July 25, 2022. ECF No. 41 at 9. Defendants were required to file this report but Plaintiff was "responsible for participating in the preparation of the report[]." *Id.* To date, Defendants have not filed the report.

order has prejudiced Defendants and therefore is a proper basis for the Court to dismiss her case in its entirety. ECF No. 47 at 5–8. In response, Ms. McFarland appears to argue that Defendants' conduct towards her before and during the depositions justified her noncompliance and therefore is a basis for the Court to deny Defendants' motion.[4] Considering "all the circumstances of this case," *Kasalo* 656 F.3d at 561, the Court finds that Plaintiff's conduct amounts to a failure to prosecute and has prejudiced Defendants; the Court is therefore obliged to grant Defendants' motion to dismiss.

### 3.1 Plaintiff's Failure to Comply with Court Orders and Litigation Requirements

As detailed above, Ms. McFarland has repeatedly failed "to comply with . . . court order[s]", Fed. R. Civ. P. 41(b), and to meet the deadlines the Court has imposed for the timely prosecution of this action. She refused to participate at one scheduled deposition, and failed entirely to appear at another, even after her presence at both was commanded by subpoena. This failure alone is enough to justify dismissal of her case. *See Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 936 (7th Cir. 2020) (finding pro se plaintiff's "wanton disregard of basic litigation obligations and court rules" and "willful failure to appear at his deposition was cause enough" to justify dismissal). Beyond this, Ms. McFarland has refused to meet and confer with Defendants to develop the joint statement of facts that must accompany any

---

[4] The Court will construe Ms. McFarland's July 27, 2022 "Settlement Statement," ECF No. 52, as her brief in opposition to Defendants' motion to dismiss—although she titled it as a "Settlement Statement," its substance goes to Defendants' motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (instructing that pro se filings are to be liberally construed).

dispositive motion filed in this Court, and has refused to engage in conversations that would help inform the required settlement reports.

For her part, Ms. McFarland appears to argue that Defendants' conduct during discovery excuses her failures to abide by the requirements that apply to her. However, her arguments are not persuasive. The notices and subpoenas she received prior to both depositions—both in form and in how they were served—appear proper and compliant with the requirements of Federal Rules of Civil Procedure 5 and 30. *See* ECF Nos. 48-2, 48-4, 49-1, and 49-3. Notably, each subpoena specifically points out that her failure to appear at the deposition may trigger sanctions.

Similarly, the fact that counsel for both Defendants intended to jointly depose her was not and is not a valid reason for her failure to submit to the deposition. She offers no legal authority—indeed, the Court finds none on point—to support the premise that her affirmative consent was required before Defendants' counsel jointly deposed her, or that any lack thereof justifies her refusal to participate or attend. While the Federal Rules do set many parameters for the administration of depositions, they do not bar joint depositions in multiparty cases, set any particular limits on the number of attorneys who may depose a party, or require a party's consent before proceeding with a joint deposition. *See* Fed. R. Civ. P. 30. In fact, commentary to the Federal Rules makes it clear that joint depositions are contemplated. *See, e.g.*, Fed. R. Civ. P. 30 Advisory Committee's Note to 2000 Amendment ("In multi-party cases, the need for each party to examine the witness may warrant additional time[.]")

While Ms. McFarland's *preference* might have been separate depositions—and while perhaps counsel for Defendants could have more clearly explained to her why they sought a joint deposition—her refusal to participate was unjustified. Similarly, while it is her right to reject settlement offers and to dispute facts that are material to a dispositive motion, it is not her right to flout the Court's directives by refusing completely to engage with opposing counsel on these topics. Ultimately, Ms. McFarland's unjustified failure to comply with applicable rules, orders, and trial deadlines weighs in favor of granting Defendants' motion to dismiss.

### 3.2 Prejudice to Defendants

Defendants argue that Ms. McFarland's conduct has "unreasonably delayed" disposition of this matter and has prejudiced their ability to pursue the case because they "cannot plausibly resolve this lawsuit" without her active involvement in the discovery process and in meet-and-confer obligations. ECF No. 47 at 6–7. Ms. McFarland's response does not address the substance of Defendants' claims as to prejudice.

Ms. McFarland's conduct unreasonably delays the resolution of this lawsuit and puts Defendants at a disadvantage. Even without Ms. McFarland's cooperation, Defendants are not wholly out of options to resolve the case—for example, they are still free to file a dispositive motion, and could seek leave to do so out of compliance with the Court's trial scheduling order. However, given that this case has been pending since June 2020, has weathered a transfer from the Western District of Wisconsin, and pertains to events that began unfolding in 2018, further delays or

Page 8 of 11

Case 2:21-cv-00299-JPS   Filed 08/18/22   Page 8 of 11   Document 55

extensions of discovery and trial deadlines heighten the risk of prejudice to Defendants (indeed to *both* parties) that key witnesses become unavailable or that their memories fade. *Cf. McMahan*, 892 F.3d at 932. The Court therefore finds Ms. McFarland's conduct has created unreasonable delay and has prejudiced Defendants, which weighs in favor of granting Defendants' motion to dismiss.[5]

### 3.3 Plaintiff's Motion for Mediation Referral

Ms. McFarland's August 2, 2022 request that the Court refer the case for mediation, ECF No. 53, is not relevant to the merits of Defendants' motion to dismiss—her willingness to mediate the case at this juncture does

---

[5]Although neither party raised the issue, the Court finds it prudent to analyze the impact of the dismissal on any claims Ms. McFarland's minor children may have.

As articulated in the Court's order on Defendant Schattner's motion to dismiss, Ms. McFarland appear to be proceeding on due process claims against HARC and a state-law retaliatory eviction claim against Mr. Schattner. ECF No. 40 at 9–10. Specifically, the Court found Ms. McFarland had plausibly alleged that she "was not afforded additional time to use her Section 8 Voucher considering her two disabled children[, that she] did not receive a hearing before the termination of her benefits . . . [and that] her tenancy was terminated in retaliation for her complaint to HARC and the city's building inspector about the caving-in foundation." *Id.* The Court at that time did not address whether Ms. McFarland could name her minor children as parties to the lawsuit or bring claims on their behalf. *See id.*

In general, "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party," including in the context of a civil rights claim. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). The Court therefore finds that the McFarland minors were improper parties to their mother's pro se claims, and the Court will direct the Clerk of Court to terminate them as plaintiffs on the case docket. Ms. McFarland's conduct alone is the basis for the dismissal, and the case will be dismissed in its entirety. Because Ms. McFarland's minor children were improperly named from the outset, the dismissal of her case with prejudice does not bar claims that the children could potentially raise.

not excuse her failures to meet prior discovery and trial deadlines. Although Defendants indicate they would be amenable to mediation at this stage, *see* ECF No. 54, mediation would likely not address the underlying issue here: Ms. McFarland's failure to appear at two properly-noticed depositions and to otherwise cooperate in discovery.

Regardless of whether Ms. McFarland's failure to appear for her depositions was the result of a misunderstanding of the rules of procedure or a more knowing and willful attempt to prolong the litigation, mediation is typically about resolving the merits of a case (not resolving discovery disputes or clarifying the parties' procedural responsibilities). Here, referral to mediation would likely not serve that purpose, since the facts of this case remain unsettled and Ms. McFarland has demonstrated strong resistance to participating in efforts to build the record. In light of all this, her motion for referral to mediation will be denied as moot.

### 4.   CONCLUSION

The Court recognizes that the litigation process can be unfamiliar and intimidating terrain for pro se plaintiffs, but such plaintiffs are nonetheless bound by the rules that govern all other litigants in federal court, and by this Court's orders. There is a difference between a litigant who rigorously presses her claims and invokes her procedural rights, and one who unduly obstructs the flow of litigation. Whatever her motivation, Ms. McFarland's failure to show up for her two scheduled depositions and otherwise cooperate in bringing this litigation to a conclusion is a sufficient basis, under Federal Rule of Civil Procedure 41(b) and Civil Local Rule

41(c), for the Court to dismiss her case on the merits. As a result, at this time the Court is obliged to grant Defendants' request.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's complaint for failure to prosecute, ECF No. 46, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for referral of this case to mediation, ECF No. 53, is **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge